Exhibit C

Electronically Filed
6/27/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2842-17-I**

| | | |
|---|---|---|
| **JORGE M. GONZALEZ** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY, UNITED** | § | |
| **INSURANCE MANAGEMENT LC, AND** | § | |
| **CATHERINE CASTORINA** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Jorge M. Gonzalez ("Plaintiff"), complains of United Property & Casualty Insurance Company, United Insurance Management LC, and Catherine Castorina (collectively "Defendants") and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.     Plaintiff resides in Hidalgo County, Texas.

3.     Defendant United Property & Casualty Insurance Company ("UPC") is an insurance company engaging in the business of insurance in Texas.  This defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan St. Suite 900, Dallas TX 75201-3136.

Electronically Filed
8/2/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

4. Defendant United Insurance Management LC ("UIM") is a company engaged in the business of adjusting insurance claims in Texas. This defendant may be served with process through its registered agent C T Corporation System, 1999 Bryan St. Suite 900, Dallas TX 75201-3136.

5. Defendant Catherine Castorina ("CASTORINA") is an individual and an insurance adjuster licensed by the Texas Department of Insurance. This Defendant may be served with process at the following address: 2500 Windy Ridge Pkwy, Atlanta, GA 30339.

6. The Clerk is requested to issue Citations.

## III.
## JURISDICTION

7. Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

8. The court has jurisdiction over Defendant UPC because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

9. The court has jurisdiction over Defendant UIM because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

10. The court has jurisdiction over Defendant CASTORINA because this Defendant engages in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

Electronically Filed
8/2/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

## IV.
## VENUE

11.     Venue is proper in Hidalgo County, Texas, because the insured property giving rise to this cause of action is situated in Hidalgo County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

12.     Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

13.     All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

14.     Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 204 S. Los Ebanos Rd., Mission, Texas 78572 (the "Property").  The Property was insured by insurance policy number UTH020889700, issued by Defendant UPC (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

15.     On or about 3/9/2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After the loss, Plaintiff made a claim (claim no. 2016TX022458) and demand for payment on Defendant UPC for damages to the Property and other damages covered by the terms of the Policy (the "Claim").  After Plaintiff made the Claim, Defendant UPC assigned or otherwise retained its employees and/or agents Defendants UIM, and CASTORINA to work on Plaintiff's Claim.  All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's

Case 7:17-cv-00298   Document 1-4   Filed in TXSD on 08/04/17   Page 5 of 15

Electronically Filed
6/27/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2842-17-I

claim.  Further, Defendant UPC has refused to pay all amounts due and owing under the Policy for the Claim.

16.     Defendants UIM and CASTORINA made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Defendants UIM and CASTORINA failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendants conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendants UIM and CASTORINA and relied upon by Defendants UIM and CASTORINA.  The damage estimate failed to include all damages to Plaintiff's Property.  The damages Defendants included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendants UIM and CASTORINA knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim.  Because of Defendants UIM's and CASTORINA's conduct, Plaintiff's claim was underpaid and partially-denied.

17.     Defendant UPC failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant UPC refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question

Electronically Filed
8/2/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

had been satisfied by Plaintiff.  Defendant UPC's conduct constitutes a breach of the insurance contract between Defendant UPC and Plaintiff.

18.     All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

19.     All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when UPC's liability was reasonably clear.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

20.     All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

21.     All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

22.     All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable

---

Electronically Filed
8/2/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

evaluation of Plaintiff's Claim.  Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

23.     Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant UPC's conduct constitutes a violation of TEX.INS.CODE §542.055.

24.     Defendant UPC failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.  Defendant UPC's conduct constitutes a violation of TEX.INS.CODE §542.056.

25.     Defendant UPC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant UPC has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.  Defendant UPC's conduct constitutes a violation of TEX.INS.CODE §541.058.

26.     From and after the time Plaintiff's claim was presented to Defendant UPC, the liability of Defendant UPC to pay the full claims in accordance with the terms of the Policy was reasonably clear.  However, Defendant UPC has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

Electronically Filed
8/27/2017 1:37 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2842-17-I

28.      Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT UPC

29.      Defendant UPC is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.      Breach of Contract.

30.      The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant UPC.  Defendant UPC breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant UPC's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

31.      The conduct, acts, and/or omissions by Defendant UPC constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

32.      Defendant UPC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

Electronically Filed
6/27/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

33.     Defendant UPC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

34.     Defendant UPC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

35.     Defendant UPC's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

36.     Defendant UPC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

37.     Defendant UPC's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered.  Defendant UPC refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiff to file suit.  TEX.INS.CODE §542.003(5).

---

Electronically Filed
8/27/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

C.    **Prompt Payment Of Claims Violations.**

38.    The Claim is a claim under an insurance policy with Defendant UPC of which Plaintiff

gave Defendant UPC.  Defendant UPC is liable for the Claim.  Defendant UPC violated the prompt

payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a)  Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant UPC reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b)  Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c)  Delaying payment of the Claim following Defendant UPC's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

39.    Defendant UPC's violations of these prompt payment of claims provisions of the Texas

Insurance Code are made actionable by TEX.INS.CODE §542.060.

D.    **Breach Of The Duty Of Good Faith And Fair Dealing.**

40.    Defendant UPC breached the common law duty of good faith and fair dealing owed to

Plaintiff by denying or delaying payment on the Claim when Defendant UPC knew or should have

known that its liability to Plaintiff was reasonably clear.  Defendant UPC's conduct proximately

caused Plaintiff injuries and damages.

**VIII.**
**CAUSES OF ACTION AGAINST**
**DEFENDANTS UIM AND CASTORINA**

41.    Defendants UIM and CASTORINA are insurance adjusters that were assigned or otherwise

engaged by UPC to adjust the claim.  Defendant CASTORINA was an employee and/or agent of

Defendant UIM and was acting in furtherance of the business of Defendant UIM at all times

---

Electronically Filed
8/27/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

material while adjusting the Claim. Accordingly, Defendant UIM is liable for Defendant CASTORINA's wrongful conduct.

### A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

42. The conduct, acts, and/or omissions by Defendants UIM and CASTORINA, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

43. Defendants UIM and CASTORINA are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Defendant UPC, because individually, they meet the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

44. The unfair settlement practices of Defendants UIM and CASTORINA, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

45. The unfair settlement practices of Defendants UIM and CASTORINA, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim,

Electronically Filed
4/27/2017 1:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

46.    The unfair settlement practices of Defendants UIM and CASTORINA, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

47.    The unfair settlement practices of Defendants UIM and CASTORINA, as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

48.    The unfair settlement practices of Defendants UIM and CASTORINA, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

49.    The unfair settlement practices of Defendants UIM and CASTORINA, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants UIM and CASTORINA refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

---

Electronically Filed
8/27/2017 1:07 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

## IX.
## KNOWLEDGE

50.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## X.
## DAMAGES

51.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

52.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

53.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages.  TEX.INS.CODE §541.152.

54.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

55.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

---

Electronically Filed
8/27/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

56.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XI.
## JURY DEMAND

57.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XII.
## REQUEST FOR DISCLOSURE

58.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIII.
## PRAYER

59.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Electronically Filed
8/27/2017 1:57 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2842-17-I**

Respectfully submitted,

**GREEN & BARTON**

By:  /s/   William. T. Jones, Jr.
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax